## HENRY LANGFORD v. THE STATE.

### No. 3258.   Decided October 25, 1905.

**1.—Sodomy—Indictment—Sow.**

On trial for sodomy an allegation that the beast or animal with which appellant was alleged to have copulated was a sow is sufficient.

**2.—Same—Insufficiency of Evidence—Fact Case.**

See opinion for facts held to be insufficient to authorize a conviction for sodomy.

Appeal from the District Court of Lamar.   Tried below before Hon. Ben H. Denton.

Appeal from a conviction of sodomy; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief of appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of sodomy, and his punishment assessed at five years confinement in the penitentiary; hence this appeal.

. Appellant questioned the indictment on the ground that it did not definitely indicate the character of animal or beast with which appellant is alleged to have copulated.  The allegation is a "sow."  Webster defines a sow as the female of the hog or swine.  We believe the indictment is good.

The material question is as to the sufficiency of the evidence to sustain the conviction.  Three witnesses testify for the State as to what they saw of the transaction.  Each testify that they saw appellant with his pants unbuttoned and his penis erect; he would get on the sow and kinder hunch or go through the motion as if copulating. When appellant would begin his motions, the sow would move up, and he would scratch her sides, and she would stop.  Neither of said witnesses was willing to swear as to the rem in re; that is, they stated they could not testify that he got his penis into the parts of the sow. Is this evidence sufficient?  The jury by their verdict said it was; that is, their verdict rendered certain that which the witnesses left uncertain.  If the organ of the sow was adapted to the organ of a man, as the parts of a woman, the presumption under the circumstances might hold good, and we might have a case of circumstantial evidence; but considering the want of the adaptibility, we do not believe the circumstances here show a case of copulation.  Mullens v. State, 45 Texas Crim. Rep., 465; 8 Texas Ct. Rep., 428; Cross v. State, 17 Texas Crim. App., 476.  We do not believe the jury was authorized by their verdict to be more certain than the testimony of the witnesses on

which they predicated their finding. Because of the insufficiency of the testimony, the judgment is reversed and the cause remanded.

*Reversed and remanded.*