DAVE SPEERS v. THE STATE.

No. 4509.   Decided February 24, 1909.

**1.—Sodomy—Evidence—Experiments.**

Where experiments as to any disputed fact testified to at the trial appeared to have been made under conditions similar, or nearly similar to those attending the original transaction, and where such experiment would tend to shed any light upon said original transaction, proof of the result of the same is legitimate and admissible in evidence; although not conclusive.

**2.—Same—Case Stated.**

Upon trial for sodomy where the principal prosecuting witness testified that he did not recognize the defendant on the night of the alleged crime, though defendant had lived in that town for many years, and the witness knew him well, but that he did see his private parts in the act of copulation, the court erred in excluding testimony that under similar conditions the witness could not see what the prosecuting witness said he did see.   Following Richardson v. State, 49 Texas Crim. Rep., 391; Clark v. State, 38 Texas Crim. Rep., 30, and other cases.

Appeal from the District Court of Wood.   Tried below before the Hon. R. W. Simpson.

Appeal from a conviction of sodomy; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

No brief on file, for appellant.

*F. J. McCord*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of sodomy and his punishment assessed at seven years imprisonment in the State penitentiary.

The facts in this case show that appellant, a negro about sixty years old, was found in a lot in the town of Winsboro between twelve and one o'clock at night in the act of copulation with a jennet.   The prosecuting witness stated that he stood within about fourteen feet of him and could see the actual act of penetration.

Upon the trial of the case, as shown by bill of exception, the defense placed G. M. Houston upon the stand, and after he testified that on last night after he left the courthouse it was a bright moonlight night, and after the prosecuting witness Craddock had testified on the trial of this case, that he was fourteen feet away on a bright moonlight night and saw the private parts of the defendant enter the private parts of the jennet, the defendant asked the said witness Houston whether or not a man fourteen feet distant on a bright moonlight night could see the private parts of another man having intercourse with and entering a jennet, and whether or not he could have actually seen the thing in the thing, that is actual penetration.   The State objected to the question and the court in

ruling thereon used the following language: "I sustain the objections on the ground that it is a matter of common knowledge that the jury are as well prepared to judge of that fact as anybody; it is like having a witness swear that the sun shines in the daytime; it is a matter of common knowledge that the jury can pass on as well as any witness." The bill shows that if the witness had been permitted to testify he would have stated that last night after he left the courthouse, the same being a bright moonlight night, the moon being full without any clouds, that he took particular pains to notice whether or not he could see well enough by moonshine to see the private parts of a man enter the private parts of a jennet fourteen feet away; that he has ordinarily good eyesight and would state to the court that he could not see well enough to see the male organ of a man enter the female organ of a jennet fourteen feet distant on a moonlight night. In the case of Richardson v. State, 49 Texas Crim. Rep., 391, 16 Texas Court Rep., 220, in discussing a similar case the lower court refused to permit a witness to state that he was familiar with animals, and that the jennet in question was a large sized jennet, and that he knew the size and height of defendant. Defendant's attorney then asked the said witness, with his knowledge of the size and height of the jennet and the height of defendant, whether or not defendant could have stood on level ground and had intercourse with said jennet. The witness would have answered, if he had been permitted, that he could not. This was objected to because it was a conclusion and opinion of the witness, and not the statement of any fact. The court in commenting on that case, upon the above statement, used this language:

"The defect in this bill is in not stating enough to show that the question propounded was in accordance with the proof made by the State on this subject; that is, the surroundings in connection with proffered testimony were not stated in the bill. If the bill had stated that appellant had proved that the jennet was of a certain height at the rear end, and that appellant was of a certain height from his crotch to the ground; and further, that it having been shown that the fact of copulation occurred with the defendant and jennet standing on level ground, and he in that position copulated with said jennet, it would have been competent for appellant to have propounded his question, and to have had an answer from the witness to the effect, that appellant could not have copulated with said jennet in that position." The bill before us, however, does state substantially the same state of facts as a predicate for the introduction of the above cited testimony, as having been proved by the prosecuting witness in the trial of this case. We can not agree with the learned trial court that it is a matter of common knowledge as to how far the privates of an individual can be seen on a moonlight night, and, therefore, we believe the court erred in

refusing to permit this testimony. Furthermore, it is a general rule of evidence that where experiments as to any disputed fact testified to at the trial appear to have been made under conditions similar, or nearly similar, to those attending the original transaction, and where such experiments would tend to shed any light upon said original transaction, proof of the results of the same is legitimate and admissible as evidence. Such results are not conclusive, but are to be weighed and determined by the jury. Clark v. State, 38 Texas Crim. Rep., 30. In the case of Wilson v. State, 36 S. W. Rep., 587, we held that on the issue as to whether words alleged to have been spoken by defendant could have been heard by the witness testifying thereto, evidence of an experiment made under similar circumstances is admissible. So, we think the testimony was clearly admissible and certainly, in the light of this record, which is not at all satisfactory on the State's case, the testimony was very pertinent and material. The prosecuting witness testified that he did not recognize the defendant, though the defendant had lived in that town for thirty or more years, but he did see his private parts. This, to say the least of it, is a very remarkable statement, even conceding its credibility. The prosecuting witness knew defendant well, and yet he swears he did not recognize him, but could plainly see his private parts. Cases of this character should be scrutinized by trial courts with great care. Motive malice or spleen are powerful incentives in this character of prosecution and often furnish more clearly a basis for a prosecution than any just sense of enforcing the law.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*