# FEBRUARY, 1917

### Ed Dewberry v. The State.

No. 4346.    Decided February 7, 1917.

**Sodomy—Penetration—Insufficiency of the Evidence.**

Where, upon trial of sodomy, the evidence was insufficient to prove penetration and to sustain the conviction, the judgment must be reversed and the cause remanded. Following Mullins v. State, 45 Texas Crim. Rep., 465, and other cases. Prendergast, Judge, dissenting.

Appeal from the District Court of Harrison. Tried below before the Hon. H. T. Lyttleton.

Appeal from a conviction of sodomy; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Bibb & Bibb,* for appellant.—Cited and discussed Cross v. State, 17 Texas Crim. App., 476, and as cases in point, those cited in the opinion.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited Cross v. State, 17 Texas Crim. App., 476; McMullins v. State, 76 S. W. Rep., —.

PRENDERGAST, JUDGE.—Appellant was convicted of the offense of sodomy and assessed the lowest punishment.

The only question is whether or not the evidence was sufficient to sustain the conviction, appellant contending that it was not sufficient to show penetration.

On or about June 16, 1916, Mr. C. P. Cole and appellant were plowing in the same four-acre field on Mr. Craver's place, appellant working for Cole. Appellant was plowing a mare mule. Mr. Cole testified that while they were thus engaged "I stopped and went to the house, and when I came back, he (appellant) had the mare mule up to a stump, and he was up on the stump behind the mule. He was motioning his body on the back part of the mare mule. I got in about thirty steps of him before he saw me. He had his hands down here, about his private parts. I got in twenty or thirty steps of him before he got down off of the mule. He got down off the mule and walked around and commenced fastening his pants up. When he was up on the back part of the mule, he was shoving on her back part."

On cross-examination, among other things, he testified that Mr. Craver's house was in full view of the whole field he and appellant were plowing in. He further said: "I was facing the appellant when I walked to within about thirty steps of him. The mule was facing me, and he was at the back of the mule, also facing me. . . . When I got in twenty or thirty steps from him, he got down off of the mule and went around to the side of her and started pulling up his pants. He did not have his pants down. He had them unfastened and opened in front and had on overalls. . . . When I saw him he was on the mule going through the motion of having sexual intercourse with her."

Appellant testified, positively denying that he had had intercourse with that mule at all. He also swore that Mr. Cole did not leave the field they were working in during the time they worked together. "We went to work together and stayed together until we quit. He never did leave the field during the time I worked there with him only to step aside now and then." On cross-examination he testified: "I remember of Mr. Cole breaking a singletree, but he didn't go to the house then but went to another white boy out there."

Nathan Moore and John Mays, his relatives, testified for him to his being a good, peaceable boy.

Mr. Craver testified that Mr. Cole came to his house the morning Cole and appellant were plowing in the field to get a singletree clip; that he came from the cotton patch where they were plowing and left appellant in the field, he supposed, and that Mr. Cole told him about what he had seen appellant doing about 1 o'clock that day. Appellant quit work at noon that day and went to town and was arrested by the officers that evening charged with said offense.

The court instructed the jury that in order to make out the offense it was essential that the State should establish penetration, and on that point gave a full and correct charge on circumstantial evidence, and in submitting the case to the jury for a finding required them to believe beyond a reasonable doubt every essential fact constituting the offense before they could convict. No complaint is made to the charge of the court in any particular.

In the opinion of this writer, the evidence under the law was sufficient to sustain the conviction, and the case of Cross v. State, 17 Texas Crim. App., 476, is in point and should be followed. The jury and trial judge saw and heard the witnesses and their manner of testifying. This court neither saw nor heard any of this. The lower court was, therefore, much more competent to determine the truth of the matter than the judges of this court can be. In my opinion the judgment should be affirmed, and I dissent from its reversal.

However, my associates are of the opinion that the evidence is insufficient to sustain the verdict on the ground on which appellant attacks it under the authority of the following cases: Mullins v. State, 45 Texas Crim. Rep., 465; Langford v. State, 48 Texas Crim. Rep., 561; Green v. State, 79 S. W. Rep., 304; Speer v. State, 55 Texas Crim. Rep., 368, 116 S. W. Rep., 568; and on their opinion—not mine—the judgment is reversed and the cause remanded.

*Reversed and remanded.*