HAROLD NICHOLS V. STATE.

No. 24567. January 11, 1950.

*Milburn, Milburn & Milburn*, and *Mike R. Mason*, all of Odessa, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for sodomy. The penalty assessed is confinement in the state penitentiary for a term of five years.

Appellant challenges the sufficiency of the evidence to sustain his conviction.

It appears from the record that Mr. H. E. Biehl resided in Ector County, Texas, and was employed by the Arrow Drilling Company. He had a very young female calf in his barn on the night in question; that about 10:45 P. M., after he had retired for the night, his wife called him and told him that she heard the calf bawling; that he went out to the barn with a lantern; that when he entered the barn he saw the calf lying down and its rear end was all bloody; that he had three barrels in the barn which were covered with a canvas; that he saw a couple of feet protruding from under the canvas; that after his son

appeared on the scene, whom he had called, the person came out from under the canvas; that this person was the defendant; that when he came out from under the canvas his pants were off and his B.V.D.'s were bloody. The foregoing is, in substance, the testimony adduced by the state.

Appellant did not testify or offer any defense. There is no evidence from any source what caused the blood on the calf or where it came from. The witness could not be positive that what he saw on appellant's B.V.D.'s was blood, however, he thought so. Assuming that appellant caused the bloody condition of the calf, this is not enough without some fact or circumstance that it was due to an act of copulation by appellant with the animal in question. That the state's case rests entirely upon circumstantial evidence is obvious. This being true, we do not believe the circumstances exclude every other reasonable hypothesis except the guilt of appellant. See Langford v. State, 48 Tex. Cr. R. 561, 89 S. W. 830; Mullins v. State, 45 Tex. Cr. R. 465, 76 S. W. 560; and Dewberry v. State, 80 Tex. Cr. R. 514, 191 S. W. 1164. The facts do not prove a crime was committed and amount to nothing more than a strong suspicion in favor of the charge made. The state should have had the animal examined to prove penetration, or the part from which the blood came. Had this been done the facts and circumstances might have been sufficient to support a finding that appellant was the guilty party.

Having reached the conclusion that the evidence is insufficient to justify and sustain appellant's conviction, the judgment of the trial court, is reversed and the cause is remanded.