Noble Charles GINTHER, Appellant,

v.

The STATE of Texas, Appellee.

No. 68737.

Court of Criminal Appeals of Texas, En Banc.

July 11, 1984.

David H. Berg, Philip D. Zelikow, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Ray Elvin Speece and Raymond E. Fuchs, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Cathleen Riedel, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

CAMPBELL, Judge.

Appeal is taken from a conviction for driving while intoxicated. Appellant was assessed a punishment of three days confinement and a fifty dollar fine, probated. On original submission, in an en banc opinion, we reversed the conviction because the trial court failed to base a ruling, which excluded an out-of-court experiment, upon "any facts or knowledge of the circumstances of the experiment." We now withdraw the opinion on original submission and affirm.

A review of the pertinent facts reveals the following: The state introduced evidence indicating appellant was observed exceeding the posted speed limit. Appellant's vehicle was stopped and officers observed a moderate odor of alcohol on his breath, an unsteadiness of balance, an unkempt appearance, and difficulty in producing a driver's license. A breath analysis was performed on appellant approximately fifty minutes after the initial arrest. The test revealed that appellant's blood alcohol content was 0.11%. At the trial, appellant sought to introduce evidence of an out-of-court experiment conducted at the behest of the appellant. The trial court summarily refused to admit the evidence. In a formal bill of exception, appellant elicited what the witness would have testified to had he been allowed to do so. The bill was perfected after the appellant had rested.[1]

To be admissible, an experiment need not be made under identical conditions of the event; dissimilarities go to the weight and not to the admissibility. *Aliff v. State*, 627 S.W.2d 166 (Tex.Cr.App.1982). The trial court must make a determination, however, of whether the conditions under which the experiment was made are similar, or approximately similar, to those which surround the duplicated event. *Clark v. State*, 40 S.W. 992 (Tex.Cr.App. 1897).

On original submission, we held that the trial court committed reversible error in not hearing "any facts pertaining to the possible similarity or dissimilarity of the proposed experiment to the offense charged before ruling it admissible." However, as pointed out in the state's motion for rehearing, the issue raised on appeal by appellant was *not*[2] whether the judge was wrong in *summarily* excluding the evidence, but whether the experiment was, in fact, admissible.[3]

---

1. It appears that the trial court was determined to let his former ruling stand despite what the bill of exception revealed.

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

3. The experiment involved a driving test performed by appellant at three different stages, viz; sober, after one drink, and after two drinks. The alleged purpose of the experiment was to prove that, at the time he was arrested, appellant would have registered 0.043% on a breathalyzer, and that fifty minutes later, after the alcohol had fully entered his bloodstream, he would have registered 0.11%, the ultimate conclusion being that appellant was sober at the time of his arrest.

■ The trial court has discretion whether to admit or exclude experiments, and the measure of our review of such, concerns whether he abused his discretion. The trial court's discretion does not extend to an absolute degree, however, so that, when the facts presented *affirmatively* show that the proposed experiment was conducted under substantially similar circumstances and conditions, the court abuses its discretion in excluding the evidence. See *Hodge v. State*, 60 Tex.Cr.R. 368, 131 S.W. 577 (1910); *Speers v. State*, 55 Tex.Cr.R. 368, 226 S.W. 568 (1909); *Clark,* supra.

■ Turning now to the proposed experiment in the instant case, it appears that the large number of variables absent from it would render the experiment substantially *dissimilar* to the actual event. See *Herrin v. State*, 525 S.W.2d 27 (Tex.Cr.App.1975). Some of the factors that are absent from the experiment are, viz: the experiment was conducted some two and one-half years after the actual event, during which time appellant's weight could have increased or decreased; appellant's tolerance to alcohol could very well have increased dramatically; or appellant's overall physical condition, including metabolic factors, could have changed.

The re-creation took place in daytime, while the appellant was arrested at 2:10 a.m. There is no indication of whether appellant consumed a similar type and amount of food before the experiment, to that which he had eaten before the arrest. The list of dissimilarities between the experiment and the facts of this case are, to say the least, endless.

In *Aliff,* supra, relied upon on original submission, this Court held that the trial court properly admitted evidence of a police officer's experiment with his automobile one week after the alleged commission of the offense by the defendant. The officer testified concerning the speed he drove, the sequence and timing of the traffic signal lights, and the distances from various pertinent points on the road where his vehicle was located in conjunction with the changes in the traffic signal lights. A city traffic engineer testified that the timing sequence of the traffic signal was the same on the day of the officer's experiment and the day of the collision and offense in question. The holding in *Aliff* is clearly distinguishable from the facts of the instant case.

In *Esquivel v. State*, 595 S.W.2d 516 (Tex.Cr.App.1980), relied upon by appellant, the defendant contended the trial court erred in allowing a trace metal test, performed by a police officer, into evidence. The officer performed the test at time when his hands were dry. The test was negative for metallic substances. It was shown that the defendant's hands had been covered with blood at the time the same test was administered to him. The officer testified he had no knowledge of the chemical reaction which caused the result to be positive or negative. He further testified that he used a different chemical spray in his experiment than was used in the test on the defendant. This Court held: "the experiment was not performed under similar conditions to the testing of appellant's hands at the hospital." We hold that the trial court did not abuse its discretion in excluding the experiment in the case sub judice.

The state's motion for rehearing is granted and the judgment of the trial court is affirmed.

CLINTON and TEAGUE, JJ., dissent.

W.C. DAVIS, Judge, concurring.

The majority holds that the "issue raised on appeal by appellant was *not* whether the judge was wrong in *summarily* excluding the evidence, but whether the experiment was, in fact, admissible." The majority examined the offered experiment and determined that the experiment was properly excluded because it was not performed under conditions similar to the testing at the time of arrest.

While I agree that the experiment itself was excludable in the discretion of the trial court I emphasize that the trial court's action in summarily excluding the experi-

ment before hearing *any* evidence pertaining to the possible similarity or dissimilarity of the proposed experiment to the offense charged was error, albeit harmless error in this case.[1]

MILLER, J., joins.

---

1. The principle that evidence in the form of an out-of-court experiment is admissible in the discretion of the trial court if the experiment was made under conditions similar to the event to which the experiment relates does not give the trial court authority to rule before hearing any facts concerning the experiment. Art. 40.09, Sec. 6(d)(1), V.A.C.C.P. is not an exception to this rule. The court may choose to wait until a showing of facts is made before ruling on the admissibility of the experiment, but it is improper to exclude an experiment without some knowledge of its circumstances; discretion may not be exercised arbitrarily.