**Virginia Ann SHORTEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–86–149 CR.**

Court of Appeals of Texas, Beaumont.

May 18, 1988.

Robert C. Bennett, Shaffer, Bennett & Allshouse, Houston, for appellant.

R.F. "Bo" Horka, Dist. Atty., Hardin County, Kountze, for appellee.

OPINION

BROOKSHIRE, Justice.

By grand jury indictment, the Appellant was indicted for the offense of murder. The indictment alleged a violation of *TEX. PENAL CODE ANN. sec. 19.02* (Vernon 1974). The Appellant was tried before a jury and convicted. The jury assessed a punishment of 15 years confinement in the Texas Department of Corrections.

■ The Appellant urges two "Points of Error". The first Point of Error states that the trial court erred by admitting into evidence, before the jury, certain testimony and exhibits relating to and resulting from an out-of-court experiment dealing with the distance at which a certain firearm would produce powder burns. The record reflects that no powder burns were observed on the body of the deceased. The deceased was

the former husband of the Appellant. They had been married twice and divorced twice.

One version of the evidence was that Appellant had notified Justice of the Peace Kenneth Enloe in the early hours of January 19, 1985, that she was experiencing some trouble with her former husband and requested assistance from the sheriff's department.

The Appellant left her residence accompanied by a person named John McCoy. They went to the home of Appellant's parents which was located nearby. There, she met Kent Walker, a deputy sheriff, who had been dispatched to answer her call for assistance. Deputy Walker then accompanied Appellant back to her own home. They found no one at Appellant's home. Appellant returned to her own parents' house. The deputy then left to return to his other duties.

Appellant testified that she then took possession of a rifle that was kept at her parents' home. She put it in her own pickup truck and returned to her residence with John McCoy. Approaching her house, she observed some car tracks in her driveway. She then became afraid that Mr. Shorten, her former husband, was waiting for her. She drove away from her home and later saw Mr. Shorten in his vehicle. Mr. Shorten then turned his own vehicle around and followed Appellant. Appellant then drove towards her parents' home and into their driveway. Mr. Shorten followed. The shooting occurred.

Appellant testified that she was cornered between the door and the body of her own pickup truck, and that she had the rifle at her side. She testified that, as Mr. Shorten was advancing towards her and threatening her, the gun went off, killing Mr. Shorten.

The Appellant did not testify as to the exact, specific distance between her and the deceased at the time the rifle went off. Appellant did testify that the deceased did not get close enough to "bump" the rifle. The death weapon was a Marlin 30–30 rifle, probably using ammunition manufactured by Sears. In the experiment, that was conducted outside of the court, the deputy sheriff, Walker, used and fired a Winchester 30–30 rifle loaded with Remington ammunition. The rifle projectile was fired into a piece of paper which came into evidence as a State's exhibit. Appellant's defense was one of self-defense. The conditions of the climate, at the time of the experiment, were different from those on the date of the fatal shooting. The Appellant also testified that her assailant did not get close enough to knock off her earring.

The admissibility of out-of-court experiments has been definitively restated in *Esquivel v. State*, 595 S.W.2d 516 (Tex.Crim. App. 1980), cert. denied 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980). In *Esquivel, supra,* the court wrote:

> "Generally, the results of an out-of-court experiment are admissible in the discretion of the trial court if the experiment was made under similar conditions to the event to which the results of the experiment relate. The fact that the experiment was not made under exactly the same condition *goes to the weight and not the admissibility of the evidence.* See, 23 Tex.Jur.2d, Evidence, Sec. 400 (1961); McCormick and Ray, Texas Evidence, Sec. 1461.5 (Supp. 1978)." (Emphasis added) [595 S.W.2d 516, at 529]

In the case at bar, after reviewing the record, we determine that the trial judge did not abuse his discretion in admitting the evidence and testimony of the experiment under the circumstances presented. *Aliff v. State,* 627 S.W.2d 166 (Tex.Crim. App. 1982). In doing so, we think that the similarities of the experiment to the events of the occurrence on trial were sufficient. In *Ginther v. State,* 672 S.W.2d 475 (Texas Crim.App. 1984), the court wrote:

> "To be admissible, an experiment need not be made under identical conditions of the event; *dissimilarities go to the weight and not to the admissibility. Aliff v. State,* 627 S.W.2d 166 (Tex.Cr. App. 1982). The trial court must make a determination, however, of whether the conditions under which the experiment was made are similar, or approximately similar, to those which surround the du-

plicated event. *Clark v. State*, 38 Tex. Cr.R. 30, 40 S.W. 992 (Tex.Cr.App. 1897)." (Emphasis added) [672 S.W.2d 475, at 476]

Under this record, the dissimilarities did not defeat the admissibility of the out-of-court experiment. These dissimilarities would only affect the weight to be given to the evidence. Appellant's Point of Error Number One is overruled.

■ Appellant's second Point of Error complains that fundamental error was committed by the trial court when it instructed the jury on the existence of the parole laws pursuant to *TEX. CODE CRIM.PROC. ANN. Art. 37.07, sec. 4* (Vernon Supp. 1988).

The Appellant argues, in her appellate brief, that the instructions on the law of parole and the instructions on good conduct time violated the separation of powers doctrine of the *TEX. CONST. art. II, sec. 1.* Hence, these instructions are, therefore, unconstitutional and such unconstitutional instructions to the jury, per se, constitute fundamental error, resulting in egregious harm to the Appellant and denying her a fair trial. We disagree.

Appellant further argues, in her brief on appeal, that the jury instructions in the court's charge permit the jury to calculate and assess a sentence that thwarts the parole laws and the powers of the executive department to administer parole. At this point, the Appellant cites and urges upon us the dissents of Justices Whitham, McCraw and Howell in *Rose v. State*, 724 S.W.2d 832 (Tex.App.—Dallas 1987, pet. granted), on Motion for Rehearing, No. 193–87, (Tex.Crim.App., opinion delivered Nov. 12, 1987, Motion for Rehearing pending, opinion as yet unpublished). With due respect to the dissenting justices on the Fifth Court of Appeals, we decline to follow their dissents.

The Appellant objected to the good time credit and the parole law instruction as follows:

"Because the offense in this case predated the effective date of that requirement, we object to the inclusion of that instruction in this charge."

Appellant's objections, at the trial court level, made no complaint concerning the constitutionality of *TEX.CODE CRIM. PROC.ANN. Art. 37.07, sec. 4* (Vernon Supp.1988). Hence, the objection made at trial fails to comport to Point of Error Number Two in Appellant's brief.

Under this record, we do not find egregious harm. There is no fundamental error. We determine the Appellant received a fair and impartial trial. Point of Error Number Two is overruled. *Vernon Lee Rose v. The State of Texas* [Court of Criminal Appeals], *id; Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App., Opinion on Rehearing, delivered Feb. 27, 1985).

We affirm the judgment and sentence below.