Virginia Ann SHORTEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 674–88.

Court of Criminal Appeals of Texas, En Banc.

Oct. 12, 1988.

Robert C. Bennett, Houston, for appellant.

R.F. "Bo" Horka, Dist. Atty. and Richard B. Dutton, Asst. Dist. Atty., Kountze, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of murder. The jury also assessed punish-

ment at fifteen (15) years confinement in the Texas Department of Corrections. The Ninth Court of Appeals affirmed in a published opinion. *Shorten v. State*, 751 S.W. 2d 262 (1988).

In affirming the trial court's judgment, the Court of Appeals noted this Court's decision in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1987). The Court of Appeals found, however, that the point of error appellant raised on appeal did not comport with the objection raised at trial. The Court of Appeals then applied a harm analysis consistent with that set forth in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr. App.1984), and found that appellant had not suffered egregious harm which deprived her of a fair and impartial trial.

After this Court delivered its original opinion in *Rose*, supra, and after the Court of Appeals decided the instant appeal, this Court delivered its opinion on the Court's own motion for rehearing in *Rose*, supra, on June 15, 1988. On rehearing, this Court held that Rule 81(b)(2), Tex.R.App.Pro., and not the tests set out in *Almanza*, supra, govern in deciding whether this kind of charge error was harmless to the defendant. This Court further held that failure to object to the unconstitutional jury charge did not waive error. Since an objection was not required, it is of no consequence in the instant case that appellant's point of error on appeal does not comport with the objection raised at trial.

Accordingly, this cause is remanded to the Court of Appeals so that it may analyze the error pursuant to Rule 81(b)(2), supra. See also *Haynie v. State*, 751 S.W.2d 878 (Tex.Cr.App.1988).

The judgment of the Court of Appeals is vacated and the cause is remanded for further proceedings consistent with this opinion.

ONION, P.J., dissents to the remand.