IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-90-197-CR




JOHNNY LEE BLACKWELL,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 7429, HONORABLE CHARLES R. RAMSAY, JUDGE


 





PER CURIAM

 A jury found appellant guilty of burglary of a
habitation. Tex. Pen. Code Ann. § 30.02 (1989). The jury assessed
punishment, enhanced by proof of seven previous felony convictions,
at imprisonment for seventy-five years.

 On the morning of April 8, 1990, Glennis Porter returned
to her home in rural Fayette County to find a strange car parked in
her driveway. Porter also noticed that her back gate was open. As
she walked toward this gate, Porter saw a man looking at her from
the back of the house. Porter returned to her car to call for help
on her two-way radio. As she did so, the man walked toward her
carrying a screwdriver and threatened to kill her. Porter drove
away.

 Subsequent investigation disclosed that Porter's house
had been forcibly entered. There were pry marks on the patio
doors. A television and a video cassette recorder with appellant's
fingerprint on it had been moved to the living room floor. 
Appellant was arrested later that morning in possession of a watch
taken from Porter's house. A screwdriver was found in appellant's
car.

 In his first point of error, appellant complains of the
admission in evidence of State's exhibits 4 through 13. These
exhibits were photographs of the patio, the patio doors, and the
pry marks. In some of the photographs, a screwdriver was inserted
into the pry marks. The screwdriver shown in the photographs
belonged to one of the investigating officers. Appellant objected
to the admission of the photographs on the ground that they were
irrelevant, and were "strictly intended to be suggestive to the
State's theory that they have no evidence to support."

 In his brief to this Court, appellant argues that the
photographs constituted an out of court experiment which the State
used to suggest to the jury that the screwdriver found in
appellant's car was the tool used to force entry. Assuming that
the trial objection was sufficient to preserve this contention, we
find it to be without merit. 

 The patio doors had been forced open and Porter had seen
the burglar carrying a screwdriver. This testimony clearly
suggested that a screwdriver had been used to force open the doors,
and the photographs were relevant to illustrate the testimony. 
Where pictorial evidence will help the jury understand oral
testimony, the trial court does not abuse its discretion in
admitting the photographs. Harris v. State, 661 S.W.2d 106, 107
(Tex. Cr. App. 1983). The fact that the screwdriver in the
photographs was not the one found in appellant's possession went to
the weight and not to the admissibility of the exhibits. See
Ginther v. State, 672 S.W.2d 475 (Tex. Cr. App. 1984).

 Although timely requested by appellant, copies of
exhibits 4 through 13 were not included in the appellate record
originally filed in this Court. On the day he tendered his brief
for filing, appellant also tendered a motion to supplement the
record with these exhibits. The motion was granted. Tex. R. App.
P. Ann. 55(b) (Pamph. 1991). Thereafter, at a hearing held April
23, it was determined that only two of the exhibits (numbers 6 and
11) could be found. These two exhibits were forwarded to this
Court as part of a supplemental statement of facts. In a
supplemental brief filed with leave of this Court, appellant
contends that he is entitled to a new trial because he has been
deprived of a complete record on appeal. Dunn v. State, 733 S.W.2d
212 (Tex. Cr. App. 1987); Austell v. State, 638 S.W.2d 888 (Tex.
Cr. App. 1982); Sheffield v. State, 777 S.W.2d 743 (Tex. App. 1989,
no pet.). See also Tex. R. App. P. Ann. 50(e) (Pamph. 1991). (1)

 Since appellant's supplemental brief was filed, this
Court has received a second supplemental statement of facts,
containing the record of a hearing held July 16. Included as part
of this supplemental record are twenty-nine photographs identified
at the hearing as the photographs taken by the arresting officers. 
These prints were made from negatives recently discovered by the
State. Fifteen of these photographs show the patio of the Porter
house and the pry marks on the doors, with and without the
screwdriver that is the basis for appellant's first point of error. 
There is no dispute these photographs include trial exhibits 4
through 13, and given their similarity to each other, we deem it de
minimis that the ten photographs introduced in evidence at trial
could not be identified by the witnesses. We conclude that
appellant has not been deprived of a complete record on appeal, and
overrule the supplemental point of error. 

 Finally, appellant contends that he did not receive
effective assistance of counsel at the penalty stage of his trial. 
Ex parte Walker, 777 S.W.2d 427, 430-31 (Tex. Cr. App. 1989). 
Appellant complains first that counsel did not call any witnesses,
but he fails to allege, much less demonstrate in the record, that
there were witnesses available to testify on his behalf. Second,
appellant complains that counsel's jury argument was too short,
characterizing it as "perfunctory and ineffective." 

 It is true that the argument was short, consuming only
one-half page in the record. Counsel pointed out to the jury that
appellant's many previous convictions were not for crimes of
violence, stressed that appellant did not harm Glennis Porter, and
asked the jury to be merciful in assessing punishment. We cannot
agree with appellant's assertion that there was no plausible
strategic basis for such an argument.

 We have examined the totality of trial counsel's
representation of appellant. We find that counsel provided
reasonably effective assistance.

 The judgment of conviction is affirmed.



[Before Justices Powers, Aboussie and Kidd]

Affirmed

Filed: August 14, 1991

[Do Not Publish]
1. Whether, under the Rules of Appellate Procedure, an appellate
court may permit a new point of error to be raised by supplemental
brief is an unresolved question. See Boutwell v. State, 719 S.W.2d
164 at 173 (opinion of Davis, J.), and at 181 (opinion of Clinton,
J.) (Tex. Cr. App. 1986). Although this Court believes that
orderly appellate procedure dictates that all points of error be
raised in the appellant's original brief, we also believe that we
possess the discretion to permit appellants to raise additional
points of error for good cause shown. See Tex. R. App. P. Ann.
2(b) (Pamph. 1991).