Opinion issued June 2, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00600-CR
____________

BRANDI LEE JAMISON, Appellant 

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 1 
Brazoria County, Texas
Trial Court Cause No. 129309




MEMORANDUM OPINION
          Appellant, Brandi Lee Jamison, was charged by information with theft of
merchandise valued at more than $50 and less than $500, a class B misdemeanor. A
jury found appellant guilty as charged, and the trial court assessed punishment at a
fine of $200 and confinement for 10 days. However, in lieu of confinement, the trial
court placed appellant on community supervision for 12 months. On appeal,
appellant challenges (1) the factual sufficiency of the evidence and (2) the trial
court’s denial of appellant’s proposed in-court demonstration. We affirm.
Facts
          Appellant was observed at a Wal-Mart store carrying her baby daughter and
placing items from the shelves into a baby stroller. Loss prevention associate
Christopher Mitchell testified that he saw appellant pick up several DVDs, walk over
to the shoe department, and then place the DVDs into the stroller. He testified that
he followed her through the store and saw her put a variety of other items in the
stroller. As the stroller began to get quite full, he stopped following her because he
did not think anyone would put so much merchandise into a stroller and try to walk
out without paying for it. He saw her go to the photo lab and conduct a transaction,
go to a checkout line where she joined two friends (an adult woman and a child), and
then get out of the line and go toward the front exit with the stroller. As she went
through the first set of doors, she passed the electronic security device and the alarm
sounded. Mitchell saw the door greeter stop appellant, and Mitchell approached her
and asked if she had a receipt for the merchandise in the stroller. Appellant said that
her sister


 had the receipt. Mitchell testified that he “allowed” appellant the chance
to ask her sister for the receipt and learned that appellant’s sister did not have one. 
He then took appellant to the back of the store and called the police. 
          Another Wal-Mart employee, Kelly Gilstrap, testified that he saw appellant
carrying her baby and putting items into the baby stroller. He called Mitchell on his
two-way radio to report appellant’s activity, and Mitchell said he was watching
appellant. Sometime later, Mitchell called Gilstrap and asked him to come to the
front of the store to assist in stopping appellant from leaving with the merchandise. 
Gilstrap saw Mitchell and the greeter stop appellant after the security alarm went off
and heard appellant say that her sister had the receipt. Gilstrap testified that Mitchell
escorted appellant to find her sister, who said that she did not have a receipt for the
merchandise. Gilstrap went to the back of the store with Mitchell and appellant and
helped Mitchell inventory the items in the stroller. The stroller contained
approximately $170 worth of groceries, toys, DVDs, and other merchandise. 
          Carol Ann Cisneros, a friend who was shopping with appellant, testified that,
while she and appellant were in the store, appellant told her that she had to go to her
car because she had brought the wrong bank card into the store. Cisneros said that
she was at the ATM machine near the front of the store and that appellant left with
the baby and the stroller. She testified that after the security alarm went off, she and
appellant went back to the checkout line. 
          Peyton Hanak, Cisneros’s cousin who was 11 years old at the time of trial, was
with appellant and Cisneros on the day in question. Hanak testified that she was in
the checkout line when appellant came up to her and said she had to go to her car to
get her other bank card. Hanak said that she did not hear the security alarm, but that
appellant returned to the checkout line and then a man came up and said that
appellant had to go to the back room with him. 
          Appellant testified that she went to Wal-Mart with her baby, Cisneros, and
Hanak. She testified that Cisneros pushed a shopping cart through the store and she
pushed her baby stroller. She testified that sometimes they were together and
sometimes they went separate ways. She put some items in the shopping cart when
she was with Cisneros, and she put things in the stroller when she was alone and
sometimes when with Cisneros. She said that she dropped some film off at the photo
lab when she first arrived, and later, when she went to pick up the photos, she realized
that she had the wrong bank card and needed to go to her car to get the other one. 
She found Hanak in the checkout line, and Hanak told her that Cisneros was at the
ATM machine. She told Hanak that she had to go to her car to get her other bank
card. She testified that the baby was crying, and that she forgot about the items in the
stroller. As she got near the doors, the alarm went off. She testified that no store
personnel approached her at the door to ask for a receipt. She went back to the
checkout line to join Cisneros and Hanak. She was going to ask Cisneros to hold the
baby while she went to her car to get the other bank card when a man tapped her on
the shoulder and told her to come with him to the back of the store. 
Factual Insufficiency
          In her first issue, appellant contends that the evidence was factually insufficient
to support her conviction because the evidence at trial was insufficient to prove,
beyond a reasonable doubt, that she had the intent to deprive Wal-Mart of its
property. Appellant argues that her act of pushing the stroller containing the
merchandise past the security point does not, by itself, “strongly indicate a larcenous
intent.” Appellant also argues that inconsistencies in the testimony make her claim
of innocence more credible. 
          When reviewing the factual sufficiency of the evidence, we must view all the
evidence in a neutral light and may set aside the verdict only if the evidence is so
weak that the verdict is clearly wrong and manifestly unjust or the contrary evidence
is so strong that the standard of proof beyond a reasonable doubt could not have been
met. Escamilla v. State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). The jury is
the exclusive judge of the facts, the credibility of the witnesses, and the weight to be
given to the witnesses’ testimony. Jaggers v. State, 125 S.W.3d 661, 672 (Tex.
App.—Houston [1st Dist.] 2003, pet. ref’d). The jury may believe all, some, or none
of any witness’s testimony. Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App.
1986). This standard of review applies to both direct and circumstantial evidence
cases. King v. State, 29 S.W.3d 556, 565 (Tex. Crim. App. 2000). 
          A person commits a theft if she “unlawfully appropriates property with intent
to deprive the owner of property.” Tex. Pen. Code Ann. § 31.03(a) (Vernon Supp.
2004-2005); Parks v. State, 960 S.W.2d 234, 236 (Tex. App.—Houston [1st Dist.]
1997, pet. ref'd). Intent can be inferred from acts, words, and conduct of the accused,
as well as the surrounding facts and circumstances. Hernandez v. State, 819 S.W.2d
806, 810 (Tex. Crim. App. 1991); LaPoint v. State, 750 S.W.2d 180, 182 (Tex. Crim.
App. 1986); Claxton v. State, 124 S.W.3d 761, 766 (Tex. App.—Houston [1st Dist.]
2003, pet. ref’d). 
          Appellant argues that inconsistencies in the testimony of the State’s witnesses
and the defense witnesses lend credibility to her claim of innocence. Appellant and
other defense witnesses testified (1) that there were about 10 to 15 items in the
stroller (although appellant later testified that there were 50 or 60 items); (2) that
appellant was in the check-out line when Mitchell approached her and took her to the
rear of the store; (3) that appellant was never asked for a receipt; and (4) that no one
approached her at the door when the alarm went off. 
          The State’s witnesses testified (1) that the stroller was loaded with
merchandise; (2) that Mitchell apprehended appellant at the door or possibly in the
parking lot after the alarm went off; (3) that Mitchell asked appellant if she had a
receipt, and she replied that her sister had it; and (4) that a greeter stopped appellant
at the door when the alarm went off, and Mitchell approached appellant almost
immediately to ask about the receipt.


 Photographs of the items and an inventory
listing 66 items were admitted as evidence to support the State’s case.
          The inconsistencies in the testimony of these witnesses did not necessarily
weigh in favor of appellant; rather they created a fact issue for the jury to determine. 
See Sharp, 707 S.W.2d at 614 (stating that jury “could choose to believe or not
believe the witnesses, or any portion of their testimony”). 
          Appellant further contends that the preponderance of the evidence supports her
claim that she made a “scatter-brained” mistake and had no intent to deprive Wal-Mart of its property. She implies that it is illogical that she would shoplift from a
store she frequented, points out that four witnesses attested to her honesty, and argues
that her explanation of the two bank cards was “entirely plausible.” However, like
the inconsistencies in the witnesses’ testimony, these were factors to be weighed by
the jury. Id. 
          The facts of this case do not meet the Escamilla test for setting aside the jury’s
verdict. We overrule appellant’s first issue. 
In-Court Demonstration
          In her second issue, appellant contends that the trial court erred in prohibiting
an in-court demonstration of how appellant’s baby stroller would have appeared if
loaded with the merchandise listed on the inventory. Appellant argues that she was
denied the opportunity to impeach the State’s witnesses and to cause the State’s case
to collapse. 
          We review a trial court’s ruling to permit or deny a demonstration for abuse of
discretion. Cantu v. State, 738 S.W.2d 249, 255 (Tex. Crim. App. 1987). To be
admissible, a demonstration must be conducted under conditions that are similar to
the event to be duplicated. Id. Appellate review is limited to whether the trial court
abused its discretion. Lewis v. State, 933 S.W.2d 172, 176 (Tex. App.—Corpus
Christi 1996, pet. ref’d). However, when the "facts presented affirmatively show that
the proposed experiment was conducted under substantially similar circumstances and
conditions, the court abuses its discretion in excluding the evidence.” Ginther v.
State, 672 S.W.2d 475, 477 (Tex. Crim. App. 1984). 
          Appellant requested, out of the presence of the jury, to demonstrate how the
stroller would look if filled with all the items on the inventory. The following
discussion then took place: 
THE COURT:I’m going to allow it, provided that, to the
tenth degree, what she brought matches exactly what’s on that list and
then [State’s counsel] will be allowed to argue that . . . the only
testimony that that is the exact stroller is Mrs. Jamison’s, but if there is
one item that doesn’t exactly match, by brand, by weight, by description,
no items will go in the stroller - -
 
. . . .
 
APPELLANT’S COUNSEL:Well, I can tell you, as an
admission, that a couple of the items aren’t going to be the same brand
because Mrs. Jamison isn’t allowed to go to Wal-Mart any more because
of the result of the criminal trespass law and so she had to go and
purchase a few items that were purely Wal-Mart brands. 
 
STATE’S COUNSEL:Then I’m going to object. 
 
THE COURT:Then . . . it is not going to happen unless it is
the exact same because, from brand to brand, there are various
differences in the shape of the container that they are in, the size of the
container, and without it being exactly matching on this list, it’s not
going to happen. So, by your admission that it is not going to be same,
I’m not going to go through and double check . . . . 

                    . . . .
 
THE COURT:I’m not going to allow it. My ruling is I’m not
going to allow it, by their own admission that the items in question are
not items that have been brought here in court today. 

           Appellant made no effort to show the number or type of items that were not
identical to those on the inventory or to show that the substituted items were
substantially similar to those on the inventory. Therefore, appellant did not
affirmatively show that the proposed demonstration would be substantially similar to
the events at the time of appellant’s arrest. See Ginther, 672 S.W.2d at 477. Under
these circumstances, we cannot say that the trial court abused its discretion in denying
the proposed demonstration. 
          We overrule appellant’s second issue. 
Conclusion
          We affirm the judgment of the trial court. 
 

 
                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Justices Nuchia, Keyes, and Bland.

Do not publish. Tex. R. App. P. 47.2(b).