Opinion issued March 9, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00773-CR




RICHARD RUNNELS JR. , Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 155th District Court
Austin County, Texas
Trial Court Cause No. 2002R-0020




CONCURRING OPINION

          Because I strongly believe the majority misapplies the law of waiver to this
case and because this case presents an important issue of first impression regarding
the State’s demonstrative use of a mannequin wearing the complainant’s bloody shirt,
I respectfully concur in the judgment only.
Waiver
          The majority holds that appellant’s objection at trial did not comport with his
objection on appeal, that the trial court was not alerted to appellant’s complaint on
appeal, and that appellant, therefore, failed to preserve his objection to the State’s use
of the mannequin. I strongly disagree. In my view, appellant clearly alerted the trial
court both to his objection to the demonstrative evidence as so dissimilar from the
actual circumstances as to constitute an abuse of discretion and to his objection as to
its irrelevance and prejudicial effect on the jury. That appellant’s objection was not
well-founded says nothing about the sufficiency of the objection to preserve error.
          During its direct examination of Sergeant Weido, the State offered in evidence
the decedent’s jeans and sweatshirt displayed on the mannequin. Appellant objected
that having the mannequin dressed in appellant’s clothes was more prejudicial than
probative. The record states: 
My objection is to put a dummy, I guess in some somebody’s clothes,
and I guess trying to explain using that dummy, I think it’s, first of all,
I don’t think it’s relevant. Number Two, I think any probative value, if
any, is outweighed by the danger of unfair prejudice. 

          When the trial court asked how the dummy was prejudicial, appellant’s counsel
replied, “[T]he jury is going to be sitting up there looking at a dummy in this, in this
man’s clothes.” Before the State could finish its response that “[w]e are going to talk
about where he has been shot, and you can’t just have these kinds of clothes laying
on the ground and explain where the bullet holes went in. It’s important to show—,”
the trial court overruled the objection.
          The State then continued its examination of the detective regarding State’s
exhibits 17 and 18—the blue jeans and sweatshirt displayed on the mannequin “that
were cut off, evidently by EMS” and had been recovered from the scene. As the
examination continued, defense counsel asked to take the witness on voir dire,
determined that he had recovered the clothing himself from the scene, and then asked
that the mannequin also be marked as an exhibit. The State refused, and defense
counsel asked to approach the bench, where this exchange ensued:
[DEFENSE COUNSEL]: Judge, what I am concerned about is in
the event that, I hope doesn’t happen, but if this case goes to
appeal, they are not going to have any idea of what—
 
[COURT]: Did you hear what I said? The state may offer it if
they wish. If they choose not to, they don’t have to. If you wish
to offer it, you may.

The court then admonished defense counsel that he could try to offer the evidence
through his own witness. After the State had dismissed the witness, and the jury had
been dismissed for lunch, defense counsel tried again, stating:
[DEFENSE COUNSEL]: Your Honor, I would request that the
record reflect that during the entire time of Sergeant Weido’s
testimony, the mannequin wearing Mr. Sanchez’ clothes has been
sitting in front of the jury, that was used for demonstration
purposes.
 
[COURT]: Yes. It has been there since the Court admitted it.
 
[PROSECUTOR]: Your Honor, may we add something else for
the record?
 
[COURT]: Yes.
 
[PROSECUTOR]: May we let the record reflect that is a
mannequin of about five foot tall that is sitting on a piece of about
one foot square glass with a half inch square rod supporting the
mannequin with a board, a board about, a two by two piece of
board sticking out the top. That it has a pair of brownish looking
boots, and also a gray sweat suit underneath it, which we will
stipulate has nothing to do with the case, just part of the
mannequin.
 
[COURT]: Okay.
 
[PROSECUTOR]: Mannequin has no head. And we would be
willing to photograph, taken after the clothes are removed from
it, if counsel would like to have that, to have that included in the
record.
 
[DEFENSE COUNSEL]: Judge, I would like to have a photo
taken of it as it is to be admitted into the record.

On cross-examination, defense counsel established that when Weido arrived on the
scene, the clothing had already been cut off of the decedent and the decedent’s body
had been removed. On cross-examination of those witnesses who had seen the
shooting, defense counsel established that the decedent was a big man, that he had
been harassing the much smaller appellant during the day, that he was very
intoxicated, and that he had been moving towards appellant when he was shot.
          The majority finds none of these efforts to be sufficient to put the trial court on
notice that appellant’s counsel objected to the use of the mannequin as demonstrative
evidence because of discrepancies between the actual circumstances of the crime and
the prejudicial effect on the jury of a headless mannequin in the decedent’s bloody
clothing seated before the jury throughout Detective Weido’s testimony. To my
mind, the standard the majority sets for stating an objection to the use of
demonstrative evidence as prejudicial is too high. Neither Rule of Evidence 403 nor
the case law explicating its requirements holds that a defendant must spell out in his
objection exactly how a demonstration is too dissimilar from the actual circumstances
to constitute an abuse of discretion. Nor must he spell out exactly how the admission
of evidence is more prejudicial than probative on pain of waiving error. Rather, the
Court of Criminal Appeals has consistently held that such technicality is not required
to preserve error. 
          In Ex Parte Little, 887 S.W.2d 62, 65 (Tex. Crim. App. 1994), the Court of
Criminal Appeals stated, “The purpose of an objection is twofold: (1) to notify the
trial judge and the State of the complaint, and (2) to preserve a complaint for
appellate review.” Id. at 65 (internal citations omitted). The court continued, “We
have acknowledged that with regards to objections ‘there are no technical
considerations or form of words to be used. Straightforward communication in plain
English will always suffice.’” Id. (quoting Lankston v. State, 827 S.W.2d 907, 909
(Tex. Crim. App. 1992)). Thus, “an objection may be phrased in any manner which
sufficiently appraises the trial judge and opposing counsel of the nature of the
complaint.” Id. The court noted,
The standards of procedural default, therefore, are not to be
implemented by splitting hairs in the appellate courts. As regards
specificity, all a party has to do to avoid the forfeiture of a complaint on
appeal is to let the trial judge know what he wants, why he thinks
himself entitled to it, and to do so clearly enough for the judge to
understand him at a time when the trial court is in a proper position to
do something about it. Of course, when it seems from context that a
party failed effectively to communicate his desire, then reviewing courts
should not hesitate to hold that appellate complaints arising from the
event have been lost. But otherwise, they should reach the merits of
those complaints without requiring that the parties read some special
script to make their wishes known.
 
Id. at 65 n.3 (quoting Lankston, 827 S.W.2d at 909) (emphasis added).
          The record demonstrates that both the trial court and the State understood that
the defense did not want the jury to be facing the decedent’s bloody and cut-up
clothes displayed on a still, five foot tall, headless mannequin when appellant’s
defense of self-defense—or, indeed, conviction on the lesser included offense of
manslaughter—depended on defense counsel’s ability to persuade the jury that
appellant was in fear of his life from the much larger, threatening decedent moving
towards him at the time appellant shot him. Under the circumstances of the trial,
defense counsel’s objection to the details about the mannequin, coming as soon as the
State placed the mannequin before the jury, is, in my opinion, clearly sufficient to
preserve appellant’s objection that the mannequin was irrelevant and prejudicial to
his case. See Cantu v. State, 738 S.W.2d 249, 254 (Tex. Crim. App. 1987), cert.
denied sub nom, Cantu v. Collins, 509 U.S. 926, 113 S. Ct. 3045 (1993) (addressing
merits following objection that testimony of witness who displayed wounds to jury
was “inflammatory, prejudicial and introduced evidence of an extraneous charge”);
Lewis v. State, 486 S.W.2d 104, 106 (Tex. Crim. App. 1972) (addressing merits
following objection to suspending rule to allow witness to observe subjective
demonstration by another witness and “‘permitting the medical expert to respond to
hypothesis not in evidence and to base conclusions thereon as well as on speculative,
subjective demonstrations by another witness’”); Stembridge v. State, 94 Tex. Crim.
207, 250 S.W. 180, 181 (1923) (addressing merits and finding objections that
bedstead and bedclothing were not identical to those at homicide scene to be without
merit where State’s effort “was to get before the jury the exact conditions as to the
location of the body upon the bed and the arrangement of the bedclothing at the time
the body was discovered, for the purpose of showing the incorrectness of appellant’s
testimony;” likewise, finding no error in trial court’s permitting physician to testify
as to location of wounds and range of bullets and to demonstrate this on person of
prosecuting officer by having him lie down in jury’s presence).
          Nor could appellant’s counsel have objected with the specificity that the
majority requires because the trial court, having heard briefly why the defense
considered itself prejudiced and why the State wanted the clothing to be displayed on
the mannequin, cut both defense counsel and the prosecution off before anything else
could be said; and it similarly cut defense counsel off when he subsequently tried to
introduce the mannequin into evidence during the State’s examination. Clearly, the
court did not think that it needed more of an explanation before overruling the
defense’s objection and allowing the demonstrative evidence.
Admissibility of Evidence
          Because I would hold that appellant sufficiently preserved his complaint for
appeal, I would determine whether the trial court erred in allowing the State to use a
mannequin dressed in the decedent’s clothing to show where the decedent had been
shot. In his first point of error, appellant asserts that the trial court erred by allowing
the State to use the mannequin over the objections that there were differences
between the mannequin and the actual circumstances, that such demonstrative
evidence was not relevant, and that the danger of prejudice outweighed any probative
value the evidence might have.


 Appellant contends that the use of the small
mannequin could have caused the jury to perceive the dispute as between a small
decedent and appellant, rather than an altercation between a 275-pound decedent and
appellant. 
 
A.      Use of Demonstrative Evidence
          Appellant contends that this is a case of first impression because there are no
cases regarding the admissibility of mannequins in trial. However, there is a well-developed line of cases regarding demonstrations. See Lewis, 486 S.W.2d at 106 (It
is proper to permit the witness “to demonstrate before the jury as to make more plain
and clear her testimony”); Rogers v. State, 756 S.W.2d 332, 336 (Tex.
App.—Houston [14th Dist.] 1988, pet. ref’d) (“Texas law has long permitted
courtroom demonstrations aimed at clarifying a witness’s testimony.”). The trial
court has discretion as to whether or not to permit demonstrations. Ginther v. State,
672 S.W.2d 475, 477 (Tex. Crim. App. 1984). The conditions must be similar, but
need not be identical to actual events, since dissimilarities affect the weight, not the
admissibility of the evidence. Cantu, 738 S.W.2d at 254. 
          In trial, the State asserted that it wished to use the mannequin to establish
where the decedent had been shot, and it stated that laying the clothing on the ground
would be insufficient. Also, the State used the evidence to show the distance between
appellant and the decedent when the gun was fired. The complainant’s own shirt was
displayed on the mannequin for the purpose of demonstrating to the jury where the
bullets entered his body and the distance from which they were fired. Texas law has
long held that such a demonstration may be proper. See Cantu, 738 S.W.2d at 254
(surviving witness’s testimony that he was shot nine times during commission of
crime and showing his chest to jury, displaying wounds thereon, was redundant of
proper testimony describing them as part of contest of offense of capital murder and
thus was information properly before jury); Stembridge, 94 Tex. Crim. 207, 250 S.W.
181 (in prosecution for murder by shooting, permitting physician to testify as to
location of deceased’s wounds and range of bullets, and to demonstrate this on person
of one of prosecuting officers by having him lie down in presence of jury was not
error). There is nothing to indicate that the use of a mannequin for the purpose to
which it was put here was intrinsically improper.
B.      Relevance and Prejudice
          Appellant contends, however, that the disputed evidence was not relevant to
the trial, although he offers no argument or evidence as to why it was not relevant. 
Evidence that tends to make the existence of a consequential fact more or less
probable is considered relevant, and all relevant evidence is generally admissible. 
Tex. R. Evid. 401. Considering that appellant argued self-defense, a reasonable trial
court could have decided that showing the distance between the two men was useful
in determining whether deadly force was necessary. Because it could have
determined that such demonstrative evidence tended to make the existence of a
consequential fact more or less probable, the trial court could have considered the
mannequin relevant evidence. See Simmons v. State, 622 S.W.2d 111, 113 (Tex.
Crim. App. 1981). Thus, the trial court did not act outside of the zone of reasonable
disagreement in impliedly finding the demonstrative evidence relevant.
          Appellant also argues, however, that, even if relevant, the display of the
complainant’s shirt on a small headless mannequin was unduly prejudicial. Evidence
is unfairly prejudicial if it has “a tendency to suggest decision on an improper basis.” 
Montgomery v. State, 810 S.W.2d 372, 389 (Tex. Crim. App. 1991). A Rule 403
analysis to determine unfair prejudice requires the trial court to balance (1) the
probative value of the evidence; (2) the potential of the evidence to impress the jury
in an irrational but indelible way; (3) the time needed to develop the evidence; and
(4) the proponent’s need for the evidence. Erazo v. State, 144 S.W.3d 487, 489 (Tex.
Crim. App. 2004); Howland v. State, 966 S.W.2d 98, 103 (Tex. App.—Houston [1st
Dist.] 1998), aff’d, 990 S.W.2d 274 (Tex. Crim. App. 1999), cert. denied sub nom,
Howland v. Texas, 528 U.S. 887, 120 S. Ct. 207 (1999); see also Wright v. State, 178
S.W.3d 905, 919 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (probative value
of state’s in-court demonstration showing its theory as to how defendant allegedly
murdered her husband substantially outweighed danger of unfair prejudice, confusion
of issues or misleading jury when all parts of demonstration were supported by and
consistent with testimony based on personal observations and deductions from facts
in evidence). Relevant evidence is presumptively more probative than prejudicial. 
Howland, 966 S.W.2d at 103. The trial court’s decision is reviewed for abuse of
discretion. Cantu, 738 S.W.2d at 255.
          Here, the trial court inquired into the purpose and prejudice of the evidence
before cutting the State off before it could explain why using the mannequin was
important and overruling the defense’s objection to its use. The record does not have
to include the logic behind the balancing test used by the trial court to determine that
evidence is more prejudicial than probative under rule 403; nor does it even have to
mention that one was conducted. See Howland, 966 S.W.2d at 103 (“The trial court
must perform a rule 403 balancing test if requested. However, it need not conduct a
formal hearing or even announce on the record that it has mentally conducted this
balancing test.”). Because the trial court overruled the rule 403 objection, we may
presume that the balancing test occurred. See id. Furthermore, photographs of the
decedent were also admitted into evidence, there was testimony as to the actual
circumstances, and appellant’s counsel mentioned the weight and height of the
decedent on multiple occasions. The trial court could thus have concluded that, in
light of this additional evidence, the mannequin would not have placed a false image
into the jury’s mind as to the size of the decedent and would not have substantially
prejudiced appellant. Because the trial court impliedly conducted the appropriate test,
and because its decision to allow the evidence did not fall outside of the zone of
disagreement, I would hold that the trial court did not abuse its discretion in admitting
the evidence. 
 
Conclusion
          For the foregoing reasons, I do not agree with the majority that appellant’s brief
on appeal “blindsides” the trial court. Nor do I agree that the trial court’s rights are
at stake in this appeal. Rather, it is appellant’s right to a fair trial—and appellant’s
right to a full and fair review of the trial court’s errors, if any—that is at issue. I
would hold that appellant preserved his objection to the State’s use of demonstrative
evidence and his Rule 403 objection, even though I would also hold that the trial
court was within its discretion in overruling appellant’s objections to the mannequin.
          I would overrule appellant’s first point of error on its merits. 
          I respectfully concur in the judgment only.
 
 
                                                             Evelyn V. Keyes
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Publish. Tex. R. App. P. 47.2(b).